UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANNE ARMSTRONG and ALAN
GORDON,
                     Plaintiffs,

                     v.                                            C.A. No. 15-215 ML

HONORABLE SALLY JEWELL, in
her capacity as United States Secretary
of the Interior; JONATHAN B. JARVIS,
in his capacity as Director of the
United States National Park Service; and
JENNIFER SMITH, in her capacity as site
manager for Roger Williams National Memorial,

                     Defendants.

## MEMORANDUM AND ORDER

Plaintiffs have filed a "complaint and application for urgent injunction." See Docket #1 at 2 (capitals omitted). The Court treats Plaintiffs' application "for urgent injunction" as a motion for a temporary restraining order. Because Plaintiffs have filed this matter pro se, the Court reads their papers liberally. Butterworth v. United States, 775 F.3d 459 (1st Cir. 2015). The Government, on behalf of all Defendants, has filed a response to Plaintiffs' motion for relief.

Plaintiffs must show the following four criteria in order to be entitled to injunctive relief: (1) irreparable injury if the injunction is not granted; (2) the injury outweighs any harm which granting injunctive relief would inflict on the Defendants; (3) a likelihood of success on the merits; and, (4) the public interest will not be adversely affected by granting the injunction. Planned Parenthood League of Massachusetts v. Bellotti, 641 F.2d 1006 (1st Cir. 1981). Whether Plaintiffs are likely to succeed on the merits is the sine qua non of the test for injunctive relief. American Freedom Defense Initiative v. Massachusetts Bay Transportation Authority, 781 F.3d 571 (1st Cir. 2015).

Plaintiffs have been granted a permit to conduct a "prayer service" at Roger Williams

National Memorial ("RWNM"), federal land located in Providence, Rhode Island, on May 23, 2015. That permit, however, is subject to compliance with all federal laws, including the federal proscriptions of the possession and distribution of marijuana (cannabis). Plaintiffs claim that their religious services scheduled for May 23, 2015, will include the possession, burning, ingestion, and distribution of cannabis. Plaintiffs further assert that they have conducted other religious services at the RWNM and that their cannabis and items used for the burning/inhalation and ingestion of cannabis have been seized and that the Plaintiffs have been cited for violations of federal law. Plaintiffs now seek an order from this Court protecting their use of cannabis at the May 23, 2015 services.

Having considered Plaintiffs' claims and the Government's response, and in light of the law governing Plaintiffs' claims, the Court is of the opinion that Plaintiffs have not met their burden of demonstrating a likelihood of success on the merits. See United States v. Rush, 738 F.2d 497 (1st Cir. 1984); Hutchinson v. Maine, 641 F. Supp. 2d 40 (D. Me. 2009); see also Multi-Denominational Ministry of Cannabis and Rastafari, Inc. v. Holder, 365 F. App'x 817 (9th Cir. 2010); OM v. Melero, No. C 12-5498 CW, 2013 WL 752700 (N.D. Cal. Feb. 27, 2013).

For this reason, the motion for temporary restraining order is denied.

So ordered.

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge
May 22, 2015